# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80894-CIV-RYSKAMP/VITUNAC

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

v.

NORDSTROM, INC.,

      Defendant.

_____/

## <u>ORDER ON MOTION TO COMPEL</u>

THIS CAUSE comes before the Court pursuant to Defendant's Motion to Compel

Responses to Defendant's First Set of Interrogatories and Defendant's First Request for

Production, filed July 18, 2008 **[DE 37]**.  Plaintiff responded on August 4, 2008 **[DE 39]**.

Defendant replied on August 13, 2008 **[DE 40]**.  This motion is ripe for adjudication.

The EEOC has filed an action against Defendant, alleging violations of Title VII of the

Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.  The EEOC filed this action

on behalf of Gloria Pimental and other similarly situated, alleging that Defendant used unlawful

employment practices on the basis of the claimant's race and national origin, which is Hispanic.

The EEOC alleges that one of Defendant's managers harassed the claimants and created an

intimidating, hostile and offensive work environment.  Despite complaints, the EEOC asserts that

Defendant took no action to stop the harassment or to prevent its occurrence in the future.  The

EEOC further alleges that Pimental and others were retaliated against because they engaged in

the protected activity of reporting the manager's harassment.  This retaliation supposedly

2

included increased hostility, harassment, false accusations of performance problems, constructive discharge and termination.

Defendant has filed the instant motion to compel.  Prior to addressing the merits of the motion, the Court will address whether the motion is timely.  On June 3, 2008, Defendant sent correspondence to the EEOC seeking resolution of numerous discovery disputes.  On June 26 and July 7, 2008, the EEOC sent correspondence to Defendant agreeing to supplement its discovery responses.  On July 10, 2008, after the parties conferred via telephone, the EEOC served supplemental responses to several of the requests for production and one of the interrogatories.  Defendant filed its motion to compel on July 18, 2008, 8 days after receiving the supplemental responses.  The Court, therefore does not find that this motion was filed outside of the 30 day time limitation prescribed by Local Rule 26.1.H.  Pending negotiations for the resolution of discovery disputes constitutes reasonable cause to file a motion to compel after the technical expiration of the time limits of the rule.  See ABM Financial Services, Inc. v. Express Conso., Inc., 2008 WL 1776595, at *2 (S.D. Fla. April 17, 2008) (finding that "the parties' attempts to reach a negotiated resolution to their discovery dispute constitutes reasonable cause").  Having deemed the motion timely, the Court will address each discovery request individually.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed.R.Civ.P. 26(b)(1).  Courts construe this language to permit "open disclosure of all potentially relevant information."  Burns v. Thiokol Chemical Corp., 483 F.2d 300, 307 (5th Cir. 1973).  The scope of discovery is limited, however.  The information sought must be relevant and not overly burdensome to the responding party.  Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992) (citing Trevino v.

Celanese Corp., 701 F.2d 397, 406 (5th Cir. 1983)).  Discovery should be tailored to the issues

involved in the particular case.  Id.  Local Rule 26.1.G.3(a) requires that all grounds for

objections to discovery shall be stated with specificity.  Objections to discovery must be "plain

enough and specific enough so that the court can understand in what way" the discovery is

alleged to be objectionable.  See Panola Land Buyer's Assn. v. Shuman, 762 F.2d 1550, 1559

(11th Cir. 1985) (objections of overbreadth, undue burden and relevance are too vague "to allow

the magistrate and the district court, absent an abuse of discretion, to grant the motion for a

protective order.  The recitation of expense and burdensomeness are merely conclusory.").


Interrogatory No. Two:

> Identify every medical doctor, physician, psychiatrist, therapist, or
> other health care professional of any kind, each Claimant has
> consulted for the past five years for any physical, mental or
> emotional condition alleged in the Complaint.  For each such
> health care professional, include the date(s) consulted, the
> diagnosis made, the treatment, including medication prescribed, the
> date on which he ceased to be under the care of such health care
> professional, and the date on which treatment, including use of
> prescription drugs, ended.

The EEOC responded as follows:

> EEOC objects to the extent the interrogatory requires EEOC to
> identify every written or recorded form of all knowledge or
> information known by each person.  Such a request is overly broad,
> unduly burdensome, harassing, and seeks disclosure of privileged,
> confidential and statutorily protected information.

They EEOC claims damages for emotional pain and suffering.  As a result, Defendant wishes to

review the medical history of each claimant to determine if the claimants suffer from any pre-

existing conditions that may also contribute to any pain and suffering.  The information sought in

4

the interrogatory is therefore relevant to a potential damages award.  The EEOC asserts that the

requested information is statutorily protected, but it fails to identify the applicable statute.  In its

response, the EEOC stated that it has agreed to identify any health care providers who may have

treated Claimants or any element of damages alleged in the Complaint.  Although the EEOC

promised to supplement this interrogatory, no supplemental information has been forthcoming.

The EEOC shall supplement its answer to this interrogatory or abandon its claims for any

damages based on pain and suffering.


Interrogatory No. Three:

> For each Claimant, specify in detail the past and future pecuniary
> losses Claimant allegedly suffered as a result of the matters alleged
> in the Complaint, and the method by which such damages have
> been computed.  If the dollar amount is not yet known, state the
> method or formula by which you contend such amount should be
> computed, and the time period over which you contend such sum
> should be computed.

The EEOC specifies that it seeks front pay, back pay, pre-judgment interest, pecuniary and non-

pecuniary compensatory damages, punitive damages and injunctive relief as well as litigation

costs.  The EEOC did not provide any information as to Claimant Wallace, and did not provide

the calculation of damages or an estimated amount of damages as to Claimant Baptiste.  As to all

other Claimants, the EEOC did not provide information as to potential future losses, and did not

provide a time period over which future losses should be computed.  Defendant must be able to

explore the exact method by which Claimants calculate their damages and the exact amount of

losses Claimants believe they have suffered.  The EEOC responded, noting that Wallace

remained employed with Defendant and that the EEOC therefore cannot seek a backpay award

5

for her.  As to Baptiste, the EEOC claimed it did not yet have responsive information, but that it

contacted Baptiste on or about July 18, 2008 and is gathering same.  The EEOC also claims that

the request as to front pay is premature because it depends on future events not yet known to the

EEOC.  That Wallace still works for Defendant has no bearing on the EEOC's answer except

insofar as the EEOC should inform Defendant that it is not arguing that Wallace suffered

financial losses.  That the EEOC has yet to communicate with Baptiste is not an excuse for delay.

The EEOC has provided no other reason for its delay in responding to the interrogatory.  It is

therefore ordered to supplement its answer.

Interrogatory No. Four:

> Specify in detail the loss of employment benefits, which each
> Claimant has suffered as a result of the matters alleged in the
> Complaint, and how such damages have been computed.

The EEOC has not yet calculated the value of lost employment benefits, because it is difficult for

it to quantify the value of such a loss.  The EEOC notes that it might seek compensation for lost

health insurance by way of an emotional distress award, as the inability to seek medical treatment

due to lost income can impact an employee's mental health.  Although the EEOC has not

prepared any calculation of lost benefits as distinct from compensatory damages it advises

Defendant that it will seek compensatory damages up to the applicable caps.  If the EEOC is still

in the process of calculating the value of these benefits, it should so state in its answer.  The

EEOC is ordered to supplement its answer to this interrogatory.

Interrogatory No. Six:

6

> Identify all sources of income of any kind each Claimant has had
> since their separation from employment with Nordstrom,
> including, but not limited to, self-employment, other employment,
> unemployment, disability, worker's compensation, Social Security
> benefits, pension, annuities, alimony or other court-ordered
> payments, and the total amount of income received by each
> Claimant from each source identified.

The EEOC responded as follows:

> EEOC objects to this interrogatory on the grounds that it is overly
> broad, unduly burdensome, harassing, and is not reasonably
> calculated to lead to the discovery of admissible evidence.
> Notwithstanding said objections, and without waiving them, EEOC
> provides information concerning wages earned from subsequent
> employers.

This interrogatory seeks relevant information as sources of income Claimants earned subsequent

to employment with Defendant is relevant to the issue of mitigation of damages and a possible

award of back pay.  The EEOC notes that not all income from any source is deductible from a

backpay award.  This information is relevant because such may lead Defendant to the discovery

of additional witnesses, as well as test the sufficiency of the representations Claimants may have

made in an effort to seek unemployment, which has a direct bearing on a Claimant's credibility.

Although "all sources of income" may not be relevant for purposes of calculating a pay award,

such is relevant to the discovery and credibility concerns Defendant has raised.  The EEOC is

accordingly directed to answer Interrogatory No. Six in full.

Interrogatory No. Seven:

> Identify all efforts made by each Claimant to obtain employment
> since their separation from employment with Nordstrom.  For each,
> identify the full name of the entity, mailing address, and telephone
> number with whom each has applied for employment at any time
> since his or her separation from employment at Nordstrom,

> including the names of the individuals with whom each has had
> direct communications, the date on which each applied to each
> such prospective employer, and the result of each such application.
> In addition, identify the specific position for which the Claimant
> applied.

The EEOC answered this interrogatory as to only three Claimants. As to Claimants for whom

Plaintiff did provide information, the EEOC did not identify the potential employers the

Claimants have spoken with, the date the Claimants sought potential employment, the results of

the employment inquiries, and the positions for which each Claimant applied.  Defendant claims

that this information is relevant as it goes to mitigation of damages.  The Court agrees.  The

EEOC states that it provided a list as to where three claimants sought employment for the period

in question.  It did not have more specific information about exactly who each Claimant spoke to

at each location and/or the specific dates of applications.  Furthermore, some Claimants secured

alternate employment prior to leaving Defendant's employ and, therefore, the EEOC has no

responsive information to disclose.  Other Claimants could not recall exactly where they looked

for work.  Ideally, the EEOC would have included this information in its response to the

interrogatory.  Nevertheless, the EEOC has agreed to supplement its responses to this

interrogatory as it continues to gather supplemental information.  The EEOC is directed to

provide a complete answer to this interrogatory as it gathers responsive information.

Interrogatory No. Eight:

> For each Claimant, identify all employers for whom he or she has
> worked since each ceased being employed by Nordstrom, the dates
> of such employment, the address of the employer, and the amount
> of compensation received.

8

Each Claimant's amount of compensation subsequent to employment with Defendant is relevant to a potential award of backpay.  The EEOC failed to provide any information for eight of the 12 Claimants.  As to the Claimants for which the EEOC did provide information the EEOC failed to provide the requested dates of employment and the total amount of compensation received.  The interrogatory is clear in that it requests the amount of compensation received rather than an individual's rate of compensation.  Merely providing a Claimant's particular wage is insufficient, as Defendant is unaware of how often a Claimant worked.  The EEOC states that it has provided responsive documents and has agreed to provide responsive information, as discovery continues, but the EEOC still has not provided any supplemental responses.  The EEOC is directed to supplement its answers to this interrogatory as it gathers responsive information.

Interrogatory No. 12:

> If any of the Claimants has had any communications about the facts of this lawsuit with any individual (other than their attorney), identify the name, address and telephone number of each person and, for each, state the approximate date of the communication and the substance of the communication.

The EEOC responded as follows:

> EEOC objects to this interrogatory on the grounds that it is overly broad, vague, harassing, and is not reasonably calculated to lead to the discovery of admissible evidence.

This information is relevant because Defendant may which to depose these individuals.  The EEOC initially agreed that it would provide this information, but Defendant has yet to receive this information.  The Court also notes that this boilerplate objection does not state why the

9

EEOC considers this request "broad, vague, harassment" and "not reasonably calculated to lead

to the discovery of admissible evidence."  The EEOC is directed to respond to this interrogatory.


Request for Production No. 13:

> Documents which refer to, relate to, or evidence each full-time or
> part-time position each Claimant has held subsequent to
> employment with the Defendant, including, but not limited to,
> documents relating to job title, salary/rate of job pay, job
> description, work performed and benefit statements of each such
> employer for each such Claimant.

The EEOC responded as follows:

> EEOC objects to this request on the grounds that it is overly broad,
> vague, unduly burdensome, harassing, and is not reasonably
> calculated to lead to the discovery of admissible evidence.
> Notwithstanding said objections, and without waiving them, EEOC
> produces responsive W-2 Forms.

The Court addressed this issue in its August 15, 2008 Order Granting Motion for Protective

Order, wherein it ruled that Defendant is entitled to records reflecting an individual claimant's

position, title, earnings, compensation and employment benefit information.  The EEOC is

instructed to respond to this request for production with regard to those pieces of information.


Request for Production No. 17:

> Documents indicating , reflecting or relating to medical or
> psychological treatment and diagnosis of each Claimant by a
> doctor, physician, psychologist, psychiatrist, counselor or any other
> health care professional for the past five years.  Instead of
> producing medical records, Plaintiff, they produced for each health
> care professional, identify, and executed authorization come the
> release and request for information for each Claimant.

The EEOC responded as follows:

10

> EEOC Objects to this request on the grounds that it is overly broad,
> vague, unduly burdensome, and is not reasonably calculated to lead
> to the discovery of admissible evidence.  Moreover, the requested
> information constitutes harassment, is an unwarranted invasion of
> the Claimant's privacy, and impermissibly invades the physician-
> patient of psychotherapy privilege.

Defendant claims that this information is relevant because EEOC seeks recovery for pain and

suffering.  EEOC agrees to provide the responsive information, but claims it must proceed

carefully so as not to divulge private, personal medical information.  The EEOC has agreed to

supply the requested information, but has yet to do so.  The EEOC shall produce the requested

documents in a timely manner.

Request for Production No. 18:

> Documents indicating, reflecting, or relating to any payments by
> each Claimant for medical care or treatment, including
> psychological treatment or counseling, by any type of health care
> professional, including, but not limited to, hospital and doctor bills,
> canceled checks, receipts and the like, for the past five years.

The EEOC Responded As Follows:

> EEOC objects to this request on the grounds that it is overly broad,
> vague, unduly burdensome, and is not recently calculated to lead to
> the discovery of admissible evidence.  Moreover, the requested
> information constitutes harassment, is an unwarranted invasion of
> each of the Claimant's privacy, and impermissibly invades the
> physician-patient of psychotherapy privilege.

Defendant maintains that he is currently unaware of exactly what comprises each Claimant's

request for damages and is therefore entitled to the above information, especially in light of the

fact that the EEOC may attempt to seek payments to medical providers as part of each Claimant's

claim for damages.  The EEOC agrees to provide responsive documents reflecting medical

treatment for the past five years, in response to request to produce No. 17, but the demand for proof of payment for all services is, according to the EEOC, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  This information is relevant to the amount of damages each Claimant claims.  The EEOC is therefore directed to respond to this interrogatory in full.

Defendant also requests attorney's fees incurred in the bringing of this motion.  Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if the motion to compel is granted, the Court must determine if the moving party "made a good faith effort to obtain the disclosure or discovery without court action, or the opposing party's nondisclosure [...] was substantially justified, or that other circumstances make an award of expenses unjust."  The EEOC served its initial responses and objections on May 2, 2008 and May 3, 2008, pursuant to an agreement with Defendant.  On June 5, 2008, EEOC's counsel advised Defendant that she was resigning from the EEOC effective June 16, 2008 and that this matter would be reassigned to another trial lawyer.  On June 16, 2008, a different EEOC trial attorney filed a notice of appearance in this matter.  On June 26, 2008, the EEOC advised Defendant that it would provide supplemental responses to several of the interrogatories.  The parties continued communication regarding discovery, and the EEOC continued to gather information responsive to the discovery requests up to the time Defendant filed the instant motion.  Despite the delay caused by the change in counsel, the EEOC continued to gather responsive information.  Although Defendant contains that it has not received all of the responsive information it requires, the EEOC has demonstrated that it is indeed it working on fulfilling their requests.  Accordingly, the request for attorneys' fees is denied.  It is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Compel Responses to

12

Defendant's First Set of Interrogatories and Defendant's First Request for Production, filed July 18, 2008 **[DE 37]**, is GRANTED IN PART AND DENIED IN PART as explained herein.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 24th day of November, 2008.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE