UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80894-CIV-RYSKAMP/VITUNAC

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

NORDSTROM, INC.,

    Defendant.
_____/

### ORDER ON MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY

THIS CAUSE comes before the Court pursuant to Defendant's Motion to Dismiss, or, in the Alternative, to Stay This Action, filed December 21, 2007 **[DE 9]**. Plaintiff responded on January 11, 2008 **[DE 16]**. Defendant replied on January 24, 2008 **[DE 21]**. This motion is ripe for adjudication.

The EEOC has filed an action against Defendant, alleging violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. The EEOC filed this action on behalf of Gloria Pimental and other similarly situated, alleging that Defendant used unlawful employment practices on the basis of the claimant's race and national origin, which is Hispanic. The EEOC alleges that one of Defendant's managers harassed the claimants and created an intimidating, hostile and offensive work environment. Despite complaints, the EEOC asserts that Defendant took no action to stop the harassment or to prevent its occurrence in the future. The EEOC further alleges that Pimental and others were retaliated against because they engaged in the protected activity of reporting the manager's harassment. This retaliation supposedly

included increased hostility, harassment, false accusations of performance problems, constructive discharge and termination.

Defendant requests dismissal or a stay of this action on the grounds that the EEOC did not spend 30 days conciliating this action and because the EEOC's conciliation efforts were otherwise unreasonable.

The EEOC may file a civil action against any respondent when 30 days have passed since the filing of a charge of discrimination where the EEOC has been unable to secure an acceptable conciliation agreement from respondent.  See 42 U.S.C. § 2000e-5(f)(1).  The statute provides in pertinent part:

> If within 30 days after a charge is filed with the Commission or within 30 days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge.

42 U.S.C. § 2000e-5(f)(1).  The phrase "or within 30 days after expiration of any period of reference under subsection (c) or (d) of this section" relates only to state and local proceedings; neither subsection references conciliation.

The Eleventh Circuit has held that the EEOC's conciliation efforts must be reasonable. EEOC v. Asplundh Tree Expert Co., 340 F.3d 1256, 1259 (11th Cir. 2003).  The EEOC complies with the statutory requirement where it outlines the reasonable cause for its belief that Title VII has been violated, offers an opportunity for voluntary compliance, and responds in a reasonable and flexible manner to the employer's reasonable attitudes.  Id. at 1259.

3

The initial charge of discrimination was filed on November 14, 2006. The EEOC filed this action on September 27, 2007. Pursuant to the statute, the EEOC "may not invoke the judicial power to compel compliance with Title VII until at least 30 days after a charge has been filed." Nothing in the statute requires the EEOC to wait 30 days after conciliation begins to file suit. The language in the statute is clear. See Johnston v. Dzikowski (In re Johnston Irrigation), Case No. 98-8004-CIV-RYSKAMP, 1999 U.S. Dist. LEXIS 8474, **3-5 (S.D. Fla. 1999) ("statutory interpretation begins with the language of the statute itself...."  "Courts must presume that the legislature says in a statute what it means and means in a statute what it says there."  "So long as the statutory scheme is coherent and consistent, there is no need for a court to inquire beyond the plain language of the statute.") (quotations omitted). The statute clearly states that the EEOC must wait 30 days after the charge is filed to initiate a civil action, not 30 days after conciliation begins. The Court need not examine this issue further: the EEOC waited 30 days after the charge was filed to initiate a civil action and is therefore in compliance with the statute.

Nordstrom also attacks the reasonableness of the EEOC conciliation efforts. The charge of discrimination was filed on November 14, 2006. The EEOC issued its letter of determination on July 20, 2007 setting out the basis for its reasonable cause findings. The same day, the EEOC sent Defendant a proposed conciliation agreement setting forth all relief sought, identifying all class members then known, and allowing defendant to suggest the place, date, and time for a conciliation meeting. Defendant requested the date of August 10, 2007 for the conciliation meeting and the EEOC agreed. The investigator handling the case was not available on that date, so the EEOC arranged for an Enforcement Supervisor with over 20 years of EEOC experience to conduct the conciliation meeting with another EEOC Investigator.

On August 7, 2007, the EEOC asked Defendant to provide a written conciliation offer to facilitate conciliation discussions. Defendant's offer included no monetary relief for any class member. Nevertheless, the EEOC did not cancel the conciliation meeting or fail conciliation on that basis. During the conciliation, the EEOC provided more than sufficient information about the class and was not required to provide any additional detail. The EEOC need not identify class members during conciliation to pass the Asplundh test. See EEOC v. Lockheed Martin Global Telecommunications, Inc., 2007 U.S. Dist. LEXIS 71657,*22 (D. Md. 2007) ("EEOC is not required to identify or negotiate in regard to each potential claimant in order to satisfy its duty of good faith at conciliation [...] conciliation discussions never involved the discussion of backpay for employees other than [the Charging Party]."); EEOC v. Dial Corp., 156 F.Supp.2d 926, 942 (D. Ill. 2001) (EEOC's failure to identify class members during conciliation does not render its conciliation efforts inadequate). Here, the EEOC provided details regarding the class members' claims, including the length of time each member suffered harassment, the degree of harm suffered and the breakdown of how much compensation the EEOC sought based on such facts. Neither the charging party nor the other claimants were required to attend the conciliation meeting or otherwise participate in the conciliation process. See EEOC v. Bernina of America, 2000 U.S. Dist. LEXIS 8336, **6-9 (D. Ill. 2000) (EEOC's conciliation efforts sufficient even where EEOC conducted no conciliation meeting and conciliation consisted only of two telephone calls between EEOC and the defendant).

Defendant also attacks remarks the EEOC made to the Telemundo television network on October 17, 2007. Defendant accuses the EEOC of telling the network that the class members were affected "by this abuse and criminal act." The EEOC counters, claiming that it told the

5

network that class members were subjected to "harassment and discrimination in employment." This description is consistent with the allegations of the complaint and is unrelated to the EEOC's efforts, months earlier, to engage in conciliation.  It is hereby

ORDERED AND ADJUDGED that the motion to Dismiss, or, in the Alternative, to Stay This Action, filed December 21, 2007 **[DE 9]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 25th day of November, 2008.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE
